1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                 NORTHERN DISTRICT OF CALIFORNIA

6

7    LILA WASHINGTON, et al.,                        Case No.  15-cv-01475-JST

                     Plaintiffs,
8
                                                     **ORDER GRANTING REQUEST FOR**
9           v.                                       **EXPEDITED DISCOVERY**

10   LUMBER LIQUIDATORS, INC.,                        Re: ECF No. 37

                     Defendant.
11

12          This case is one of 19 related cases currently pending in this District concerning

13   allegations that Defendant Lumber Liquidators' laminate wood flooring products contain

14   dangerous levels of formaldehyde. [1]  Now before the Court is Plaintiffs' motion for limited

15   expedited discovery in connection with their motion for preliminary injunction.  ECF No. 37.

16          Plaintiffs filed a motion for preliminary injunction on April 8, 2015, ECF No. 11, seeking

17   to enjoin Defendant from continuing to distribute home testing kits to customers.  As alleged in

18   that motion, "Lumber Liquidators began offering free do-it-yourself air testing kits upon request to

19   customers whose records confirm that they bought certain flooring products from Lumber

20   Liquidators."  Id. at 1.  Plaintiffs assert that Defendant's kits "do not comply with accepted

21   industry standards, are inherently unreliable, and are likely to under-report the amount of

22   formaldehyde present" in tested products, which may cause affected individuals "to delay or

23   forego the remedial measures they need to take immediately" to remove their dangerous flooring.

24

---

[1] Dozens of other cases involving similar allegations have been filed across the country.  The
Plaintiffs in related case Conte v. Lumber Liquidators, Inc. et al., No. 15-cv-01012-JST, have filed
a motion before the Judicial Panel on Multidistrict Litigation (JPML) pursuant to 28 U.S.C.
§ 1407, requesting the consolidation and transfer of all of these cases for pretrial proceedings.
See In Re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales
Practices and Products Liability Litigation, MDL No. 2627, ECF No. 1 (J.P.M.L. Mar. 9, 2015).
The J.P.M.L. will hear argument on the motion on May 28.

Id. at 1-2.  Plaintiffs also assert that Defendant's home testing kits and associated correspondence "will falsely lead some [putative class members] to believe that their floors are safe."  Id.

Defendant has opposed Plaintiff's request for an injunction, and supported its opposition with six declarations.  ECF Nos. 23, 24, 25, 26, 27, 28, 29.  Plaintiffs' present motion seeks to take expedited depositions of two of the individuals who submitted declarations:  Brian Pullin and Dr. Rajiv Sahay.  Plaintiffs ask the Court to order that such depositions take place prior to the May 14, 2015 hearing on that motion.

## I.      LEGAL STANDARD

"[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003). Although "[t]he good cause standard may be satisfied where a party seeks a preliminary injunction," it "is not automatically granted merely because a party seeks a preliminary injunction."  Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (internal quotations and citations omitted).  Rather "[f]actors commonly considered in determining the reasonableness of expedited discovery include, but are not limited to: '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'"  Id. at 1067 (quoting Disability Rights Council of Greater Washington v. Washington Metro. Area Transit Auth., 234 F.R.D. 4, 6 (D.D.C. 2006)); Apple Inc. v. Samsung Electronics Co., No. 11-CV-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011).

## II.     ANALYSIS

Plaintiffs seek expedited discovery to support their motion for a preliminary injunction. That motion asks the Court to enjoin Defendant from "representing that home air testing kits are an effective method of detecting the level of formaldehyde in their customers' home" and to require Defendant to "advise inquiring customers to retain a qualified industrial hygienist, environmental scientist, or toxicologist to perform proper testing."  ECF No. 11-1 at 1.  Plaintiffs

1   claim that expedited discovery is necessary to allow Plaintiffs to respond to factual statements

2   made in the declarations submitted by Defendant in support of its opposition to Plaintiffs'

3   preliminary injunction motion.  ECF No. 37.  Specifically, Plaintiffs request that the Court allow

4   them to conduct the deposition of two of the six individuals who submitted declarations in support

5   of the opposition: Brian Pullin, Defendant's Director of Customer Care and Telesales, and Dr.

6   Rajiv Sahay, who manages the labs that are processing the challenged air test kits.

7        Defendant argues that Plaintiffs have not demonstrated good cause warranting expedited

8   discovery.  Defendant notes that Plaintiffs did not request expedited recovery until the case

9   management conference which occurred on April 28, 2015, weeks after the filing of their

10   preliminary injunction motion.  Defendant argues that the timing of Plaintiffs' discovery presents

11   a burden to Defendant, as having to "prepare and defend these two witnesses in a short time frame

12   will be unfair and hugely disruptive."  ECF No. 40 at 8.  Defendant notes that the witnesses

13   Plaintiffs seek to depose are incredibly busy—Pullin is "providing assistance to customers who

14   have concerns about their flooring" and Dr. Sahay is managing "labs that are working literally

15   around the clock to process the indoor air test kits and relay those results to customers."  Id.

16   Defendant also contends that because the discovery sought "implicates more than 100 nearly

17   identical class actions" nationwide, it should therefore wait until the cases are consolidated and

18   transferred to one court by the JPML.  Id.

19        First, although not dispositive, the Court notes that the pendency of Plaintiffs' motion for a

20   preliminary injunction supports their request for expedited discovery.  See Am. LegalNet, 673 F.

21   Supp. 2d at 1066.  The purpose for which the discovery is sought also counsels in favor of

22   granting Plaintiffs' request.   See id.  Expedited discovery requests in connection with a motion for

23   preliminary injunction should generally be related to information sought in order to preserve the

24   "status quo."  Id. at 1068.  Plaintiffs' request for expedited discovery concerns the air testing kits

25   that Defendants are actively distributing to potential class members, which Plaintiffs allege may be

26   "misleading putative class members in an effort to change the status quo."  ECF No. 37 at 1.

27   Defendant disputes Plaintiffs' allegations that the communications regarding the air testing kits are

28   deceptive and has supported its position with six declarations.  See ECF Nos. 23, 24, 25, 26, 27,

United States District Court
Northern District of California

United States District Court
Northern District of California

1   28, 29.  Although Plaintiffs have identified apparent inconsistencies between statements made in

2   these declarations and the statements contained in Defendant's communications to class members,

3   ECF No. 37 at 2-3, Plaintiffs express concern that, in the absence of expedited discovery, their

4   preliminary injunction motion "will be complicated by disputed facts based on an undeveloped

5   record." Id. at 4.  Because Plaintiffs seek development of the factual record in support of their

6   preliminary injunction, which seeks to preserve the status quo, the purpose for which discovery is

7   sought weighs in favor of expedited discovery.

8          Next, the Court concludes that the breadth of Plaintiffs' requested discovery is

9   appropriately tailored in light of the purpose for which the information is sought.  Contrary to

10  Defendant's characterization, Plaintiffs' request is not an open-ended "fishing expedition."  ECF

11  No. 40 at 10.  Rather, Plaintiffs merely seek to depose two individuals whose declarations

12  Defendant's counsel prepared and submitted as evidence in support of their opposition to

13  Plaintiffs' motion for preliminary injunction.  Among the questions to be resolved by the Court is

14  whether a preliminary injunction, corrective notice, or other remedy is appropriate, which in turn

15  may depend on whether the Court concludes that Defendant's communications with putative class

16  members regarding its air testing program have been "false, misleading or confusing." Cox

17  Nuclear Med. v. Gold Cup Coffee Servs., Inc., 214 F.R.D. 696, 697-98 (S.D. Ala. 2003); In re

18  Sch. Asbestos Litig., 842 F.2d 671, 680 (3d Cir. 1988) ("Misleading communications to class

19  members concerning the litigation pose a serious threat to the fairness of the litigation process, the

20  adequacy of representation and the administration of justice generally.").  As demonstrated by

21  Defendant's ability to prepare declarations of these individuals in response to Plaintiffs'

22  preliminary injunction motion, Defendant has substantially more access to information about the

23  design and implementation of its own air testing program than Plaintiffs.  Plaintiffs have identified

24  disputes between statements made in the declarations and the communications sent to putative

25  class members.  ECF No. 37 at 2-3.  Further discovery limited to developing the factual record

26  surrounding the air testing program is therefore appropriate.

27         Turning to consideration of the burden imposed on Defendant by the expedited discovery

28  request, the Court acknowledges that offering two witnesses for deposition on an expedited basis

4

United States District Court
Northern District of California

1    imposes an inconvenience on Defendant.  Defendant argues these individuals are busy managing

2    and implementing the disputed air testing program and do not have time to prepare to sit for

3    deposition.  But this inconvenience must be weighed against the fact that, if Plaintiffs' allegations

4    are correct, Defendant's air testing program could lead to the disruption of the status quo in over

5    100 cases nationwide, by misleading tens of thousands of putative class members[2] about the

6    effects of the challenged products or compromising their ability to participate in this litigation.

7    And as busy as these two witnesses may be, they have managed to make time in their schedules to

8    work with Defendant's counsel preparing lengthy, detailed declarations describing Defendant's

9    communications and testing programs.  In fact, Pullin submitted *two* such declarations, including

10   one in support of Defendant's opposition to the expedited discovery request.  So although

11   participation in this litigation – and specifically in Plaintiffs' motion for preliminary injunction –

12   might impose a burden, it is one these individuals have apparently already decided to accept.  The

13   question now is whether fairness dictates that the testimony they have already given be subject to

14   cross-examination before it is considered by the Court.  The Court concludes that it does, and that

15   the burden on Defendant does not justify denial of expedited discovery.

16          Finally, the timing of the discovery request does not weigh against granting Plaintiffs'

17   relief.  The Court previously concluded that, in these related cases, it would "retain the flexibility

18   to stay only those matters that should await resolution of the JPML proceeding, while allowing

19   other matters to move forward."  Balero v. Lumber Liquidators, Inc., No. 15-cv-1005-JST, ECF

20   No. 32 at 2.  The Court therefore stayed rulings on dispositive motions, but observed that,

21   generally, "a district judge should not automatically stay discovery, postpone rulings on pending

22   motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer

23   and consolidation."  Id. at 1-2 (quoting Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D.

24   Cal. 1997)).

25          Defendant directs the Court to its statement in the minutes from the case management

26

27   [2] As of April 21, 2015, 24,915 air test kits had been sent to Defendant's customers.  Decl. of Brian

28   Pullin In Support of Defendants' Oppositions, ECF No. 26 at 2.

conference that "no Rule 26 disclosures or discovery shall *currently* take place." <u>Balero</u>, ECF No. 48 at 4 (emphasis added). While that statement reflected the result of the case management conference – that no discovery would occur directly as a result of the discussion at the conference – the Court did not intend to signal the outcome of the present motion. Indeed, the minutes from that case management conference expressly acknowledged that Plaintiffs would be filing the present motion for expedited discovery. <u>Id.</u> Although Defendant argues that Plaintiffs should have requested expedited discovery earlier, perhaps in the case management statement submitted prior to the conference, Defendant did not submit their opposition or the declarations in question until April 22, 2015, the day after Plaintiffs' case management statement was due. Therefore, Plaintiffs did not learn of Defendant's factual challenges to their motion until after the statement was due and their request for expedited discovery at the conference was not untimely.

## III.    CONCLUSION

The Court hereby grants Plaintiffs' request for limited expedited discovery and orders Defendant to produce Pullin and Dr. Sahay for deposition. Because the Plaintiffs in <u>Silverthorn v. Lumber Liquidators, Inc.</u>, Case No. 15-cv-1428, have requested similar expedited discovery in their motion at ECF No. 19, and in light of the fact that no Lead Plaintiffs' Counsel has yet been appointed, the Court will permit counsel for both the <u>Washington</u> and <u>Silverthorn</u> Plaintiffs to divide the examination of these witnesses.

IT IS SO ORDERED.

Dated:  May 5, 2015

_____
JON S. TIGAR
United States District Judge